UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Sean O'Donnell</u>

    v.                                  Civil No. 04-cv-175-JM

<u>Jean McCausland, LLC et al.</u>

**O R D E R**

Before the Court for consideration is Plaintiff Sean O'Donnell's motion for partial summary judgment (document no. 51). The issue presented is whether Plaintiff is entitled to an order finding that he was acting in the course of his employment within the meaning of the Jones Act, 46 App. U.S.C. § 688(a) (2000), at the time that he suffered the injury at issue in this case. <u>See</u> Pl.'s Mot. at 2-3. Defendant Jean McCausland, LLC ("McCausland"), filed an objection contending that a genuine issue of material fact exists on the issue of whether Plaintiff was acting within the scope of his employment at the time of his injury. For the reasons set forth herein, the Plaintiff's motion is denied.

<u>Summary Judgment Standard</u>

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The role of summary judgment is to pierce the boilerplate of the pleadings and provide a means for prompt disposition of cases in which no trial-worthy issue exists." Quinn v. City of Boston, 325 F.3d 18, 28 (1st Cir. 2003). When ruling on a party's motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. See Lee-Crespo v. Schering-Plough Del Caribe, Inc., 354 F.3d 34, 37 (1st Cir. 2003).

Plaintiff seeks an order establishing the existence of a material fact. Such orders are authorized in appropriate circumstances under Fed. R. Civ. P. 56(d).[1] See Rivera-Flores v.

---

[1] Rule 56(d) provides in relevant part:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court . . . shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy . . . and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Fed. R. Civ. P. 56(d).

Puerto Rico Tel. Co., 64 F.3d 742, 747-748 (1st Cir. 1995) (quoting Fed. R. Civ. P. 56(d) and finding that the trial court may issue an order narrowing the factual issues for trial). The facts relevant to the instant motion follow.

## Facts

On August 3, 2002, Plaintiff suffered a severe hand injury while operating a take out winch in an attempt to lower a cooler filled with bait fish onto a sport fishing vessel. Plaintiff alleges that at the time he suffered his injury he was unloading fish consistent with his regular job duties as a member of the crew of the F/V JEAN MCCAUSLAND. He further alleges that he suffered his injury while working under the direction of Brad Phinney, an employee of Little Bay Fish Co., which was the exclusive buyer of the Defendant's fish. In support of his allegations, Plaintiff cites his testimony in an evidentiary hearing held on September 30, 2004:

> I carried it out, I didn't arrange for it, the guy asked for the tote of fish. Brad says okay, we will take it down, we will use the winch down here to put it on to. Can you use the winch. I said yeah, I'm experienced using these things. And that's what we did. He started up the motor.

Tr. of Evidentiary Hr'g Held on September 30, 2004 at 81:1-6. Citing the testimony quoted above, Plaintiff alleges that Brad

Phinney directed him to operate the winch that caused Plaintiff's hand injury.  As further support, Plaintiff relies on the testimony of Denis Faherty that Brad Phinney was present while O'Donnell was getting bait fish.  Id. at 37:24.

Defendant cites numerous facts in support of its argument that a genuine dispute exists regarding the scope of Plaintiff's employment.  Among other things, Defendant cites its use of a shore-side vacuum system, called a Transvac, to unload its fish.  Aff. of Jonathan S. Shafmaster at ¶ 3.  The vacuum system was located in an area of the pier where trucks could directly access the pier.  Id.  According to the Defendant, the winch that Plaintiff was using at the time of his injury was located at the extreme opposite end of the pier and was used by lobster boats, while the Defendant used the Transvac system to offload.  Dep. of Declan Connelly held on November 10, 2004 at 10:6-12; 12:9-13; 13:10.

In addition, Defendant relies upon portions of Plaintiff's deposition testimony in responding to Plaintiff's motion for summary judgment.  Plaintiff testified at his deposition that he was on a rest period when he, and others on the dock, were asked by a man on a sport fishing vessel whether they had any bait.

4

Dep. of John (Sean) Thomas O'Donnell held on May 19, 2003 ("O'Donnell Dep.") at 52:3-4, 52:22-24.  Plaintiff testified that he along with others "called back yes together."  Id. at 53:1-3.  Plaintiff then testified that: "I went -- the guy wanted one tote.  So the trucks were gone off the dock so I got -- I proceeded to get a basket and go into the tank."  Id. at 53:6-8.  Plaintiff testified, however, that the selling of baitfish to the sport fisherman was not part of his business.  Id. at 60:9-17.

## Discussion

The Jones Act grants the right to recover damages to seamen injured in the course of their employment because of shipowner negligence.  46 App. U.S.C. § 688(a) (2000); O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 43 (1943); Colon v. Apex Marine Corp., 832 F. Supp. 508, 510 (D.R.I. 1993), aff'd, 35 F.3d 16, 17 (1st Cir. 1994).  The relevant statute provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury . . . ."  46 App. U.S.C. § 688(a).  For purposes of the instant motion, Defendant admits that Plaintiff assumed the status of a Jones Act seaman in relation to the F/V JEAN MCCAUSLAND on August 3, 2002, the date

5

that he suffered the injury at issue. Objection at 7.

In order to be acting within the course of his employment within the meaning of the statute, Plaintiff must prove that he was injured while performing a duty that was assigned to him by his employer either explicitly or implicitly. Colon, 832 F. Supp. at 515; see also Braen v. Pfeifer Oil Transp. Co., 361 U.S. 129, 133 (1959) (finding that the petitioner was acting in the course of his employment under the Jones Act because at the time of his injury he was doing the work of his employer pursuant to his employer's orders).[2] Plaintiff argues that the undisputed facts show that he was injured while unloading fish in the course of his duties and under the direction of an employee of the Defendant's exclusive buyer. Defendant has demonstrated the existence of numerous facts that raise a genuine dispute regarding Plaintiff's allegations.

A dispute over a material fact is "genuine" if the parties' positions on the issue are supported by conflicting evidence. Int'l Ass'n of Machinists & Aero. Workers v. Winship Green

---

[2]Both parties cite cases from various jurisdictions for their interpretation of whether an act is within a seaman's course of employment under the Jones Act. The Court need not finally decide this issue of law for purposes of deciding the instant motion.

6

Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996).  Here, Defendant presented evidence that it used a vacuum system to unload its fish onto trucks, and that it did not use the winch that caused the Plaintiff's injury.  Defendant has further shown that Plaintiff testified that he was on a rest period at the time of his injury.  Moreover, Plaintiff did not testify during his deposition, as he now alleges, that he was instructed by Brad Phinney to give bait to the man in the sport fishing vessel.  Rather, Plaintiff testified that he was asked for bait fish directly by the man in sport fishing vessel.  O'Donnell Dep. at 155:13-15.  Plaintiff's deposition testimony that he responded to sport fisherman's request for bait fish, and that no one instructed him to go into the ship's tank, provides additional support for Defendant's argument.  With regard to the operation of the winch that caused the injury, Defendant argues plausibly that Brad Phinney merely asked Plaintiff whether he knew how to operate the winch, but did not direct him to operate it.

The Court finds that the evidence does not establish beyond dispute either that providing bait fish to individuals on sport fishing vessels was part of Plaintiff's duties, or that an employee of Defendant's exclusive buyer directed Plaintiff's

actions immediately prior to Plaintiff suffering his injury. Plaintiff does not point to any other material facts in the record that could be found to require a finding in his favor on the issue of course of employment. Drawing all reasonable inferences in the nonmoving party's favor, as the Court must on a motion for summary judgment, the Court finds that a genuine issue of material fact exists regarding whether Plaintiff was acting in the course of his employment at the time that he suffered the injury at issue.

## Conclusion

For the reasons set forth above, Plaintiff's motion for partial summary judgment (document no. 51) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 11, 2005

cc:   David B. Kaplan, Esq.
      Francis X. Quinn, Jr., Esq.
      Christine Friedman, Esq.
      William H. Welte, Esq.
      Paula J. Clifford, Esq.