**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Sean O'Donnell**

    **v.**  Case No.  04-cv-175-PB

**Jean McCausland, LLC et al.**


**MEMORANDUM AND ORDER**

Sean O'Donnell, a commercial fisherman and a crew member of the F/V JEAN MCCAUSLAND, was injured while operating a defective dock winch.  He asserts that he is entitled to maintain an unseaworthiness claim against the vessel's owner, Jean McCausland, LLC ("McCausland"), because the dock winch was an appurtenance of the vessel on which he worked.  McCausland has filed a motion to dismiss challenging O'Donnell's contention that the dock winch was an appurtenance.


**I.  BACKGROUND**[1]

The crew of the F/V JEAN MCCAUSLAND was unloading fish at a dock in Newington, New Hampshire when the accident occurred.  O'Donnell Aff. at 1.  A small fishing boat approached the vessel

---

[1] I construe the facts in the light most favorable to O'Donnell, the non-moving party.

and requested some bait.  Id. at 2.  O'Donnell and another crew member filled a tote with about 80 pounds of bait and carried it from the vessel to the dock.  Id.  They then dumped the bait into the fisherman's cooler and used a winch that was permanently affixed to the dock to lower the cooler from the dock onto the fishing boat.  Id.  O'Donnell was injured when his arm became ensnared in the winch line.  Id.

## II.  STANDARD OF REVIEW

McCausland has moved alternatively for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or summary judgment pursuant to Fed. R. Civ. P. 56.  I treat its motion as a motion for summary judgment because both parties have supported their arguments with matters extraneous to the pleadings.  See Fed. R. Civ. P. 12(b)(motion to dismiss shall be treated as a motion for summary judgment when "matters outside the pleading are presented to and not excluded by the court").

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c). A genuine issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one "that might affect the outcome of the suit." Id. at 248.

In ruling on a motion for summary judgment, I construe the evidence in the light most favorable to the nonmovant. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001). The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the burden shifts to the nonmovant to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249). Neither conclusory allegations, improbable inferences, nor unsupported speculation are sufficient to defeat summary judgment. Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002).

### III. **ANALYSIS**

The warranty of seaworthiness unquestionably extends to equipment that travels with a vessel from port to port and is routinely used in accomplishing the vessel's mission. See generally Mahnich v. Southern S.S. Co., 321 U.S. 96 (1944). The applicability of the warranty is less clear, however, with respect to equipment that does not remain with the vessel and that is used only sporadically by the vessel's crew. A review of the relevant case law suggests that the most important factors in determining whether the warranty applies in close cases of this type are whether the equipment is vital to the ship's mission and whether it is on or physically connected to the ship when the seaman is injured. See, e.g., Victory Carriers, Inc. v. Law, 404 U.S. 202, 210-11 (1971) (forklift used to transport cargo on dock beside vessel is not an appurtenance); Romero Reyes v. Marine Enters., Inc., 494 F.2d 866, 869-70 (1st Cir. 1974) (gangway permanently affixed to pier-based tower and temporarily connected to vessel is an appurtenance); Drachenberg v. Canal Barge Co., 571 F.2d 912, 921 (5th Cir. 1978) (pier-based marine loading arm temporarily connected to vessel is an appurtenance); Scott v. Trump Indiana, Inc., 337 F.3d 939, 944 (7th Cir. 2003) (dockside

-4-

crane not connected to vessel is not an appurtenance).  But cf. Spann v. Lauritzen, 344 F.2d 204, 208 (3d Cir. 1965) (pier-based hopper is an appurtenance even though it is not connected to vessel); Huff v. Matson Navigation Co., 338 F.2d 205, 211-12 (9th Cir. 1964) (dock-based scraper used in unloading vessel is an appurtenance even though it is not connected to vessel).[2]

The facts that bear on the resolution of McCausland's motion establish that the equipment at issue in our case was not an appurtenance of the vessel.  The winch that injured O'Donnell was permanently affixed to the dock.  It thus did not travel with the vessel and was neither owned nor controlled by McCausland. Moreover, O'Donnell was injured while moving a cooler filled with bait from the dock to the fishing boat rather than from the vessel to the dock.  Thus, the winch was not in contact with O'Donnell's vessel when he was injured and it was not being used to perform a function that was important to the vessel's operation.  Indeed, the evidence reveals that the vessel has its

---

[2]  Spann and Huff were decided prior to Victory Carriers. Both cases appear to turn on the fact that the equipment that caused the plaintiff's injuries was being used during the process of unloading the vessel.  The mere fact that equipment is used in loading and unloading a vessel, however, is not sufficient to bring the equipment within the warranty of seaworthiness after Victory Carriers.  See Victory Carriers, 404 U.S. at 211.  Thus, these cases are unpersuasive and I decline to follow them.

own winch and does not regularly use the dock winch in loading or unloading operations.  Under these circumstances, I agree with McCausland that O'Donnell's unseaworthiness claim fails because the dock winch does not qualify as an appurtenance of the vessel.

### IV. CONCLUSION

McCausland's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (Doc. No. 74) is granted.  O'Donnell's Request for Oral Argument (Doc. No. 90) is denied.[3]

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

November 17, 2005

cc: David B. Kaplan, Esq.
    Francis X. Quinn, Jr., Esq.
    Christine Friedman, Esq.
    William H. Welte, Esq.

---

[3] O'Donnell's request for oral argument (Doc. No. 90) is denied because it will not assist in the resolution of the motion.  See LR 7.1(d).